## Lewis' Administrator v. Bowling Green Railway Company, et al.

(Decided November 7, 1913).

### Appeal from Warren Circuit Court.

1. Receivers.—Where in an action by an insolvent corporation for the appointment of a receiver and a sale of its property, the holder of certain mortgage bonds is made a party defendant and files answer and counterclaim praying for an enforcement of its lien and a sale of the property, and asking the appointment of a receiver until the same be made, and making allegations sufficient to authorize the appointment of a receiver under Section 298, Civil Code, the appointment of a receiver on its application is proper.

2. Receivers.—Where the holder of bonds issued by a corporation is made a party to the action, and asks for the enforcement of its lien and for the sale of the property and distribution of the assets of the corporation, and also seeks the appointment of a receiver pending the sale, the receivership is merely ancillary to the main relief sought.

J. H. GILLIAM and BRADBURN & BASHAM for appellant.

T. W. & R. C. P. THOMAS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiff, Bowling Green Railway Company, is a public service corporation, and owns and operates a street railway in the city of Bowling Green, pursuant to authority conferred by its charter. On June 30, 1898, it executed and delivered to the Fidelity Trust & Safety Vault Company, of Louisville, Kentucky, twenty bonds of the denomination of $1,000 each. To secure the payment of these bonds it executed and delivered on the same day a mortgage to said trust company covering all of its property and assets of every kind and description. This mortgage was duly recorded in the office of the clerk of the Warren County Court. In order further to secure these bonds, it on November 21, 1902, executed and delivered to the Fidelity Trust & Safety Vault Company of Louisville, Kentucky, another mortgage covering its property, real, personal and mixed, and rights, privileges, extensions and improvements.

The Fidelity Trust & Safety Vault Company is a corporation organized under the laws of the State of Kentucky, and authorized by its charter to sue and be sued, and to lend money on security. After the execution of the foregoing mortgages the Fidelity Trust & Safety Vault Company consolidated with the Columbia Trust Company, and the name of the new concern is the Fidelity and Columbia Trust Company. That company is the owner and holder of the bonds above referred to, with the exception of one bond for $1,000. By virtue of the aforesaid mortgages the Fidelity and Columbia Trust Company has a superior lien on the assets and property of plaintiff. At the February term, 1913, of the Warren Circuit Court, J. S. Lewis, administrator of Herman Lewis, recovered a judgment against the plaintiff for the sum of $6,000. Owing to the existence of this indebtedness, plaintiff has not sufficient property or income to pay its debts and operating expenses and keep up the interest on the bonds aforesaid. For this reason it is insolvent and unable to meet its obligations. Owing to its insolvent condition it is impossible for plaintiff to operate the railway. If the railway ceases to be a going concern its property and assets will depreciate in value and be materially injured. Unless kept as a going concern its assets will be insufficient to discharge its indebtedness. A meeting of the plaintiff's board of directors was held at its office in Bowling Green on February 25, 1913. A majority of the directors were present. The directors de-

clared plaintiff to be insolvent and directed the president to bring a suit for the appointment of a receiver for such purposes as might be necessary in order to preserve the assets of the company and pay the debts of same.

This action was filed by plaintiff against the Fidelity and Columbia Trust Company and J. S. Lewis, administrator of Herman Lewis. The foregoing facts were alleged in the petition. The petition asked that the Fidelity and Columbia Trust Company and J. S. Lewis, administrator, be made parties defendant to the action. The petition concludes with the following prayer:

"Wherefore, plaintiff prays that a receiver be appointed to take charge of all the assets and property of this plaintiff, Bowling Green Railway Company; that an account or inventory of the assets and liabilities of said company be taken; that said railway be operated under orders of court for the purpose of paying the debts of said corporation or until such a time as the court, in its discretion, may order a sale of the property for the purpose of paying its debts and for a sale of the property belonging to this plaintiff company whenever the court, in its discretion, may deem best for a sale of the property, and that any net profits arising from the operation of said railway by the receiver, be preserved by the receiver and by order of court distributed among the creditors of this plaintiff company in accordance with law and equity, and in the event of a sale of the assets and property of said company, that the proceeds of the sale be distributed by order of court among the creditors of this plaintiff company in accordance with law and equity, and for all other and proper relief to which plaintiff on behalf of itself, its stockholders and its creditors may be entitled, special and general."

Copies of the resolution of the board of directors and of the mortgages referred to in the petition are filed with the petition.

After the institution of the action a motion for a receiver was made and notice of the application duly served on the defendants. Accompanying the motion is an affidavit of plaintiff's secretary sustaining the allegations of the petition.

H. D. Fitch, Roland Fitch, Jas. H. Wilkerson, W. H. Jones and T. L. Fitch, all stockholders and directors in the plaintiff company, intervened in the action by peti-

tion and answer. They alleged substantially the same facts set out in the petition, and prayed for the same relief. They also made a motion for the appointment of a receiver. The Fidelity and Columbia Trust Company filed an answer and counterclaim, both in its individual capacity and that of trustee, wherein it set up its ownership of $19,000 worth of the bonds issued by plaintiff, the execution of the two mortgages to secure the same, and default on the part of plaintiff. It alleges that by virtue thereof it has a first lien on all the property and assets of plaintiff. It reiterates in substance the allegations contained in the petition, and asks for the appointment of a receiver for the enforcement of its mortgage liens, and for the sale of the property and assets of plaintiff to satisfy its lien debt.

The defendant, J. S. Lewis, administrator of Herman Lewis, filed a general and special demurrer to the petition.

On March 12, 1913, the case was submitted for judgment on motion of plaintiff and on motion of the stockholders and directors, and on motion of the Fidelity and Columbia Trust Company for the appointment of a receiver; also on the special and general demurrer of J. S. Lewis, administrator of Herman Lewis. The motion was ganted, and W. R. Speck was appointed receiver of all the property of plaintiff until further orders of the court. The general and special demurrer of the defendant, J. S. Lewis, administrator of Herman Lewis, was overruled. From the order so entered this appeal is prosecuted.

On this appeal appellant makes two contentions; (1) that a receiver will not be appointed for a corporation merely on its own application based on insolvency; (2) that unless authorized by statute there is no such thing as an action brought merely for the appointment of a receiver, and that to justify the appointment it is essential that some proper final relief in equity be asked for in the bill which will justify the court in proceeding with the case. In this connection it is argued that this is a mere action by an insolvent corporation to have a receiver appointed on the ground of insolvency, and that the sole purpose of the action is to have the court take charge of and administer its affairs. Whether or not an insolvent corporation has the right to have a receiver appointed on the mere ground of insolvency we deem it unnecessary to decide, since the application in this case

was made not only by the corporation but by the Fidelity and Columbia Trust Company, the holder of the mortgage bonds. The petition made that company a party defendant. By proper pleading it alleged the insolvency of the corporation, its failure to comply with the stipulations of the mortgages, and asked an enforcement of its lien. Section 298, Civil Code, is as follows:

"On motion of any party to an action who shows that he has a right to, a lien upon, or an interest in, any property or fund, the right to which is involved in the action, and that the property or fund is in danger of being lost, removed or materially injured, the court, or judge thereof, during vacation, may appoint a receiver to take charge of the property or fund during the pendency of the action, and may order and coerce the delivery of it to him."

It has been held that the above statute is but a legislative declaration of a pre-existing equitable right, and that it affects and in some degree extends or enlarges the remedy. Douglass, &c. v. Cline, &c., 12 Bush, 623. In the present case the trust company is a party to the action. It has a lien on the property involved. The allegations of its pleadings are sufficient to bring its case within the statute. For the purposes of the case these allegations must be taken as true, since there is neither denial nor proof to the contrary. Being a proper party, the trust company had as much right to proceed as if it had originally instituted the action itself. Plaintiff could not even dismiss its petition and prevent the trust company from proceeding. Civil Code, Sec. 372. To hold that the trust company might institute an original action and have a receiver appointed, but could not obtain the same relief in an action brought by another would simply result in an unnecessary circuity, which it was the purpose of the code to avoid. It was, therefore, within the power of the court to appoint a receiver on the application of the trust company alone.

As to the claim that the ultimate relief sought is the mere appointment of a receiver, it is sufficient to say that the trust company not only asked for the appointment of a receiver pending the order of sale, but actually asked for the enforcement of its lien, a sale of the property, and a distribution of the proceeds among those entitled thereto. The receivership, therefore, was merely ancillary to the ultimate relief sought.

Judgment affirmed.